# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1131

———————————————

Leah M. Powley

*Plaintiff - Appellant*

v.

Rail Crew Xpress, LLC

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the District of Nebraska - Lincoln

——————————

Submitted: November 19, 2021
Filed: February 15, 2022
[Published]

——————————

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Railcrew Xpress, LLC ("RCX") contracts with railroads to transport their crews. When a railroad requests transport, an RCX dispatcher schedules and coordinates drivers to move crews from one location to another. In July 2015, Plaintiff Leah M. Powley joined RCX as a driver.

In February 2016, Powley provided doctor's notes requesting she be excused from work for three weeks. RCX accommodated the request. In May 2016, Powley provided a doctor's note requesting she be excused "from driving E series Ford vans" to avoid "aggravation of back pain." RCX accommodated her. In October 2017, after taking FMLA leave to care for her husband, Powley provided a doctor's note saying she could return to work two days a week in 10-hour shifts, with at least 11 hours between shifts. RCX accommodated the request. That same month, Powley provided a doctor's note stating she should not drive RCX's Nissan van due to back pain. RCX again accommodated her. In February 2018, Powley provided a doctor's note stating she should "work shifts no longer than 10 hours no more than 5 days / w[ee]k. Shifts between 7pm – 7am." RCX accommodated that request. In March 2018, Powley provided a doctor's note requesting she not drive Suburban SUVs due to back pain. RCX accommodated her again.

In May 2018, RCX promoted Powley to part-time dispatcher. She worked with other dispatchers in an office at a Fremont, Nebraska, railroad yard. In August 2018, she experienced headaches but mentioned them to only two other dispatchers and her doctor, who noted in her medical chart that a change in her work environment was "driving her headaches."

On August 8, 2018, Powley provided a doctor's note stating, "Patient needs day shift work. No shifts > 9 hrs." The note did not mention Powley's headaches. RCX asked Powley for information from her doctor about how long she would need this accommodation. Powley provided a note, dated August 10, requesting it "for the next 7 days." RCX (and Powley's coworkers) rearranged schedules to accommodate her. Later that month, Powley provided a note requesting the accommodation be extended for two months. RCX again accommodated. Powley also requested she return to driving because the noise in the dispatcher office was "interfering with my ability to perform my duties appropriately as a dispatcher." Powley told one supervisor that the noise "gave her a headache."

On September 18, 2018, Powley submitted a doctor's note saying, "Patient may work 12 ½ hours per day. Must have 11 hrs between shifts."

On September 27, 2018, Powley discovered that a dry-erase board tracking drivers and vehicles had been moved in the dispatcher office so that she had trouble writing on it. Powley asked another dispatcher if they could rearrange the space, and that dispatcher told her to ask a different dispatcher. Powley responded, "I'm done. I have to leave." The next day, she sent RCX an email stating the office noise "interferes with my ability to perform my duties," restating her desire to return to driving, and reiterating her frustration with the dry-erase board placement. The email did not mention headaches or back pain. RCX treated this as a resignation.

Powley sued RCX for failure to accommodate her disabilities, and for unlawful retaliation in response to her request for an accommodation, under the Americans with Disabilities Act of 1990 ("ADA") and the Nebraska Fair Employment Practices Act ("NFEPA"). The district court[1] granted summary judgment to RCX, dismissing Powley's claims. She appeals, challenging only the dismissal of her reasonable accommodation claims. She identifies her request to return to driving as the accommodation sought.

Having jurisdiction under 28 U.S.C. § 1291, this Court affirms. The district court properly granted summary judgment for RCX on the failure-to-accommodate claims because there is no genuine issue of material fact that Powley had not actually sought a reasonable accommodation for her alleged disability.

For an ADA failure-to-accommodate disability-discrimination claim, a plaintiff "must establish both a prima facie case of discrimination based on disability and a failure to accommodate it." *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015). Thus, a plaintiff must prove, among other elements,

---

[1]The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

that she "requested accommodations or assistance for . . . her disability." *Id.* at 906; *see Fjellestad v. Pizza Hut of Am., Inc.*, 188 F.3d 944, 952 (8th Cir. 1999) (stating same standard). To do so, she need not request an accommodation in writing or use "the magic words 'reasonable accommodation,'" but "must make clear that the employee wants assistance for . . . her disability." *Ballard v. Rubin*, 284 F.3d 957, 962 (8th Cir. 2002) (quotations omitted); *see Kowitz v. Trinity Health*, 839 F.3d 742, 748 (8th Cir. 2016).

Even assuming Powley established a prima facie case, there is no genuine issue of material fact that RCX failed to accommodate her. Powley had sought and received many reasonable accommodations for her back pain—including reduced hours and different vehicles—by submitting doctor's notes to RCX that connected her requests to her condition. Here, however, she never submitted a doctor's note or indicated to RCX that her request to return to a driving position was connected to her back pain. Rather, she complained about noise, light, and office layout. Although Powley noted that the noise sometimes gave her headaches, she did not identify these headaches as migraines, did not inform RCX that headaches or migraines interfered with her work, and did not suggest that her request was based on medical needs—as she had in past accommodation requests. Powley thus did not demonstrate that she requested accommodations or assistance for her alleged disability, as required for a failure-to-accommodate claim. *See Schaffhauser*, 794 F.3d at 905.

Because NFEPA mirrors the ADA, Nebraska state courts look to federal ADA precedent when interpreting NFEPA. *Orr v. Wal-Mart Stores, Inc.*, 297 F.3d 720, 723 (8th Cir. 2002). Where the parties do not urge otherwise, Powley's NFEPA failure-to-accommodate claim fails for the same reason as her ADA failure-to-accommodate claim.

Where there is no conceivable request for an accommodation, there is no failure to accommodate. There is no genuine issue of material fact that Powley had

not actually requested a reasonable accommodation for her alleged disability.  The district court properly granted summary judgment.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____